

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 4:19-198-MGL-2 |
| | § |
| DRAPER DEWAYNE FOSTER, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I. INTRODUCTION**

Pending before the Court is Defendant Draper Dewayne Foster's (Foster) pro se motion to reduce his sentence due, in part, to the COVID-19 pandemic. Foster also asks this Court to adjudicate, pursuant to 42 U.S.C. § 1983, an Eighth Amendment deliberate indifference to serious medical needs claim against his current place of incarceration. As an initial matter, Foster must bring his Eighth Amendment claim pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against federal officials in their individual capacity for damages. He may do so in a separate filing.

Consequently, the Court, in this Order, will address solely Foster's motion for compassionate release due to the COVID-19 pandemic. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Foster's motion to reduce his sentence will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Foster on one count of conspiring with others to knowingly, intentionally, and unlawfully possess with intent to distribute and distributing five kilograms or more of cocaine, 28 grams or more of cocaine base, and less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), (b)(1)(D), and 846 (Count One), and a forfeiture account. Additional counts were lodged against his co-defendants.

On March 4, 2020, Foster pled guilty to County One. On December 15, 2020, the Court sentenced Foster to a term of eighteen months of imprisonment as to Count One, and upon release, to serve a term of five years on supervised release with standard and special conditions to include substance abuse testing. Foster is currently housed at Federal Correctional Institution Edgefield (FCI Edgefield), and has a projected release date on or about May 8, 2022.

He filed this motion seeking compassionate release due to the COVID-19 pandemic, and the government responded. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III. STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a

sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV. DISCUSSION AND ANALYSIS

Foster fails to argue either of the first two scenarios is applicable. Rather, he moves for a sentence reduction solely on the basis of the third circumstance, alleging COVID-19, when considered with his underlying medical conditions, qualifies as an extraordinary and compelling reason to warrant relief.

Prior to addressing the merits of Foster's motion, the Court will analyze whether the it has jurisdiction. The government concedes Foster "submitted a compassionate release request to the [W]arden at least [thirty] days before the motion at issue here, and the [g]overnment agrees the Court would have jurisdiction to resolve this claim on the merits." Government Resp. in Opp'n at 6 fn 3. Accordingly, the Court accepts the government's position and will decide Foster's motion on the merits.

Turning to the merits of Foster's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

### A. *Whether Foster presents extraordinary and compelling reasons warranting a reduction of his sentence*

Foster, in his motion, states he suffers from "high blood pressure, diabetes, high cholesterol, cardiovascular issues, and other ailments." Mot. at 2. According to Foster, he also suffered a heart attack shortly after commencing his sentence within the BOP because he failed to receive his medications in a timely manner. Foster avers his heart condition places him at "extreme risk." *Id.* at 5.

The government contends Foster's "medical conditions appear appropriately managed at [FCI Edgefield], which is also engaged in strenuous efforts to protect inmates against the spread of COVID-19, vaccinate inmates and staff against COVID-19, and would act to treat any inmate who does contract COVID-19." Government's Resp. in Opp'n at 8. And, the government notes "[o]n April 6, 2021, BOP administered to [Foster] the second and final dose of the COVID-19 vaccine produced by Pfizer." *Id.* at 9.

Furthermore, and most importantly, evidence of Foster's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence. According to the BOP COVID-19 case tracker, zero inmates at FCI Edgefield is currently positive for COVID-19. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 12, 2021). The lack of COVID-19 among the

5

inmate population at FCI Edgefield, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Edgefield in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 12, 2021) (showing the BOP has administered 200,751 doses out of 194,000 received, over a one-hundred-percent administration rate due to being able to extract a sixth dose out of a five-dose vile in certain circumstances). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility. *Id.* According to this website, 189 employees of FCI Edgefield have been fully vaccinated, as well as 920 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Accordingly, the Court concludes Foster fails to demonstrate extraordinary and compelling reasons warrant a sentence reduction in light of the lack of COVID-19 among the inmate population at FCI Edgefield, Fosters full vaccination with Pfizer's COVID-19 vaccine, and the extraordinary and successful vaccination efforts of the BOP. Alternatively, even if the Court concluded Foster demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence

to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331 fn 3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of Foster's crimes, involvement in a drug conspiracy, is serious. The prevalence of the types of drugs involved in this conspiracy wreak havoc on countless communities and families throughout this country.

Furthermore, and most importantly, a reduction in his sentence would create a major sentencing disparity, as the Court previously granted the government's motion for a downward sentence departure due to Foster's cooperation and willingness to testify against his co-defendants, and also granted Foster's motion for a downward variance. Releasing Foster from prison at this time would fail to provide respect for the law or just punishment for the offense. Lastly, as the Court recently sentenced Foster on December 15, 2021, the balance of the Section 3553(a) factors since his sentencing have not changed in a way that would warrant relief.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Foster is inappropriate.

IV.     **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Foster's motion to reduce his sentence is **DENIED**. Foster may plead a *Bivens* claim in a separate filing.

**IT IS SO ORDERED.**

Signed this 13th day of July 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE